**FILED**
July 17, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: JW
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **TRISURA SPECIALTY INSURANCE COMPANY,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| **v.** | § | **3:25-cv-00299-KC** |
| | § | |
| **GALA INTERNATIONAL GROUP, LLC,** | § | |
| | § | |
| ***Defendant.*** | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This Report and Recommendation is before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) -(C), Fed. R. Civ. P. 72(b), and Appendix C of the Local Rules of the United States District Court for the Western District of Texas (Local Rules for the Assignment of Duties to United States Magistrate Judges). Before the Court is Plaintiff Trisura Specialty Insurance Company's ("Trisura") Motion for Default Judgment ("Motion") (ECF No. 12) filed on January 22, 2026. For the reasons below, the Court **RECOMMENDS** that Plaintiff's Motion be **DENIED**.

## I. BACKGROUND

### A. Factual Background

Plaintiff Trisura Specialty Insurance Company ("Trisura" or "Plaintiff") issued policy number TTT-26-2-244305 to the first-named insured Gala International Group, LLC ("Gala LLC" or "Defendant") with a policy period of February 8, 2024, to February 8, 2025, and a commercial automobile liability limit of $1 million combined single limit.[1] In December of 2024, Timothy Mendoza filed a petition against Gala International Group et al. (the "Underlying Lawsuit"), alleging he was "severely injured in a motor vehicle collision" on September 7, 2024 caused by a

[1] Pl.'s Mot. for Default J., ECF No. 12 at 4.

driver, Nolberto Pacheco Ramirez, acting in the course and scope of his employment for "Gala International Group."[2] Trisura seeks a declaratory judgment that it has no duty to defend or indemnify Gala LLC in the Underlying Lawsuit under the policy.[3] Trisura alleges it has no duty to defend Gala LLC against the allegations made in the Underlying Lawsuit or to pay the damages awarded because the Trisura policy provisions preclude coverage.[4] Trisura also seeks a declaration that it owes no obligation to Gala LLC under the MCS-90 Endorsement, asserting that the pleadings and record do not show facts triggering the endorsement.[5]

**B. Procedural History**

On August 6, 2025, Plaintiff Trisura filed a declaratory judgment action pursuant to 28 U.S.C. §§ 2201 and 2202 against Defendant Gala LLC.[6] Gala LLC's Registered Agent, Victor H. Valenzuela, was served on October 9, 2025.[7] Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Gala LLC had 21 days from the date of service to file an answer with the Court. Fed. R. Civ. P. 12(a)(1)(A)(i). As of the end of business on October 30, 2025, which was 21 days from service, Gala LLC had not filed a motion or responsive pleading.[8] On or about November 25, 2025, Plaintiff filed its Request for Entry of Default.[9] The Clerk of the Court entered the Entry of Default on December 1, 2025.[10]

---

[2] *Id.*at 3.
[3] *Id.* at 1.
[4] *Id.* at 4-5.
[5] *Id.*at 5-6.
[6] *See generally* Pl.'s Orig. Pet. for Declaratory J., ECF No. 1.
[7] Pl.'s Mot. for Default J., ECF No. 12 at 6 misidentifies this date as April 14, 2025; however, the affidavit of service attached as ECF No. 12, Ex. D at 1 identifies the date as October 9, 2025.
[8] *See generally* docket in Trisura Specialty Ins. Co. v. Gala Int'l Grp., LLC, No. 3:25-cv-00299-KC (W.D. Tex.), reflecting no appearance or responsive pleading by Gala LLC; Pl.'s Mot. for Default J., Motion for Default Judgment ECF No. 12 at 7 misidentifies this date as May 6, 2025. According to the affidavit of service attached, the correct date of service was October 9, 2025, therefore 21 days from that date is what is reflected above.
[9] *See* ECF No. 8.
[10] *See* ECF No. 10.

## II. JURISDICTION

### A. Court's Jurisdiction and Venue

To enter a default judgment, the Court must confirm that it has jurisdiction. *Guadian v. United Tax Def. LLC*, No. EP-23-CV-00349-KC, 2024 WL 140249 (W.D. Tex. Jan. 12, 2024). Pursuant to 28 U.S.C. § 1332(a), the district courts shall have original subject matter jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332. Trisura is a corporation incorporated in the state of Oklahoma and maintains its principal place of business in the State of Oklahoma.[11] Gala LLC is a limited liability company in the state of Texas with one "Manager Member" who is domiciled in Texas.[12] "[T]he citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). This Court has subject matter jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendant Gala LLC.[13]

There are two forms of personal jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262, 137 S. Ct. 1773, 1780, 198 L. Ed. 2d 395 (2017). General jurisdiction exists only where a corporation is "fairly regarded as at home," typically its place of incorporation or principal place of business. *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011)); *See Frank v. P.N.K. (Lake Charles) LLC*, 947 F.3d 331, 336 (5th Cir. 2020). Here, Defendant Gala LLC is organized as a Texas entity and does business as a trucking

[11] Pl.'s Mot. for Default J., ECF No. 12 at 2.
[12] *Id.*
[13] *Id.*

transportation company in El Paso County, Texas, with its business and registered agent address in Laredo, Texas.[14] Accordingly, Gala LLC is "at home" in Texas, and this Court may exercise general personal jurisdiction over it.

Specific jurisdiction exists where the suit arises out of the defendant's contacts with the forum. *Bristol-Myers Squibb*, 582 U.S. at 262, 137 S.Ct. 1773. Because the Texas long-arm statute extends to the limits of federal due process, the Court considers whether Defendant purposefully availed itself of Texas and whether exercising jurisdiction would comport with traditional notions of fair play and substantial justice. *Conn Appliances, Inc. v. Williams*, 936 F.3d 345, 347 (5th Cir. 2019).

In this case, specific jurisdiction arises out of Defendant's intentional contacts with this forum. Gala LLC does business as a trucking transportation company in El Paso County, Texas; the motor vehicle collision at issue occurred in Texas; and the Underlying Lawsuit against Gala LLC is pending in El Paso County.[15] Trisura's claims in this declaratory judgment action arise directly out of that Texas accident, the Texas lawsuit, and a policy issued to Gala covering its trucking operations.[16] Accordingly, the Court may also exercise specific personal jurisdiction over Gala LLC.

Pursuant to 28 U.S.C. § 1391 (b)(2), venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391. Here, venue is proper in Western District of Texas because a substantial part of the events or omissions giving rise to the Underlying Lawsuit occurred in El Paso, and the Underlying Lawsuit is still pending there.[17]

---

[14] *Id*. at 2.
[15] *See generally* Pl.'s Orig. Pet. for Declaratory J., ECF No. 1.
[16] *Id.*
[17] ECF No. 12, Ex. A at 3.

**B. Service of Process**

Plaintiff contends that it properly served the Defendant under Federal Rule of Civil Procedure 4(h). Rule 4(h)(1)(A) allows unincorporated associations to be served in the manner prescribed by Rule 4(e)(1) for serving an individual. Fed. R. Civ. P. 4(h). Rule 4(e)(1) allows service by following the State law for serving a summons. Fed. R. Civ. P. 4(e)(1). The Texas Rules of Civil Procedure allow the Court to authorize substituted service upon Plaintiff's request. Tex. R. Civ. P. 106(b). Here, Plaintiff received authorization for substituted service of process by Order on October 3, 2025.[18] Because the Court expressly authorized substituted service under Texas Rule of Civil Procedure 106(b), service effected on Gala LLC's registered agent in accordance with that order also constitutes valid service under Rule 4(e)(1) and, by incorporation, Rule 4(h)(1)(A). Service was effected by substitute service on Victor H. Valenzuela, the registered agent of Gala LLC, by delivering the summons and complaint to dispatcher Luis Gonzales on October 9, 2025.[19] Therefore, Plaintiff effected service under Rule 4(h)(1)(A) and Texas law, and Gala LLC had the opportunity to respond but did not.

## III. STANDARD

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. In ruling on a motion for default judgment, courts generally consider three issues: (1) whether default judgment is procedurally proper, (2) whether the Plaintiff's claims have substantive merit, and (3) the appropriate form of relief. *United States v. 1998 Freightliner Vin No. 1FUYCZYB3WP886986,* 548 F. Supp. 2d. 381, 384 (W.D. Tex. 2008); *J&J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d. 809, 813-14 (N.D. Tex. 2015). The clerk must enter default when the Defendant fails to timely plead or otherwise respond to the complaint, as supported by an affidavit

[18] *See* Order Granting Mot. for Substitute Service, ECF No. 5; ECF No. 12, Ex. D at 5.
[19] ECF No. 12, Ex. D at 1.

or otherwise. *See* Fed. R. Civ. P. 55(a). After entry of default, the Plaintiff may seek default judgment under Rule 55(b), though default judgment is a "drastic remedy" reserved for appropriate cases. *Guadian v United Tax Defense LLC,* No. EP-23-CV-00349-KC, 2024 WL 140249, at *2-3 (W.D. Tex. Jan 12, 2024) (quoting *Sun Bank of Ocala v Pelican Homestead & Sav. Ass'n,* 874 F.2d 274, 276 (5th Cir. 1989)).

A court enters default judgment only if there is "a sufficient basis in the pleading for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Whether a complaint contains sufficient basis relies upon Rule 8, which requires a pleading to contain a short and plain statement of the claim showing the pleader is entitled to relief. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015); Fed. R. Civ. P. 8(a)(2). "The defendant, by his default, admits plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu*, 515 F.2d at 1206.

## IV. DISCUSSION

### A. Procedural Propriety

To assess procedural propriety, courts in the Fifth Circuit consider the factors set out in *Lindsey:* 1) whether material factual issues exist, 2) whether the Plaintiff would suffer prejudice, 3) whether the grounds for default are clearly established, 4) whether the default resulted from excusable neglect, 5) the harshness of a default judgment, and 6) whether the Court would likely set aside the default. *Lindsey v Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998); *see also Guadian v. United Tax Defense LLC,* No. EP-23-CV-00349-KC, 2024 WL 140249, at *2-3 (W.D. Tex. Jan 12, 2024) ("In deciding whether default judgment is procedurally proper, the court considers the following factors…"). Here, the *Lindsey* factors favor entering a default judgment against Gala

LLC. Gala LLC did not timely file a responsive pleading. By virtue of the default, the Defendant is deemed to admit Plaintiff's well-pleaded factual allegations and consequently, there are no material facts in dispute. *See Nishimatsu*, 515 F.2d at 1206. Gala LLC's failure to file a timely response halts the adversary process, prejudicing Trisura's interest in pursuing its claim for relief. *See J&J Sports Prods., Inc.*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interest.") (internal citation and quotation marks omitted). The grounds for default are established: Gala LLC was properly served and failed to file a timely responsive pleading. There is nothing in the evidence that suggests that the default was caused by a good-faith mistake or excusable neglect. Further, default judgment is considered less harsh when the Defendant has wholly failed to respond since being served. *Walker v. Koelzer*, 715 F. Supp. 3d 956, 962 (N.D. Tex. 2024). Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by Defendants. Therefore, the Court finds that the default judgment is procedurally proper.

**B. Merits**

To address the merits, courts accept the Plaintiff's well-pleaded factual allegations as true, except as to damages; default judgment is appropriate only if the well-pleaded factual allegation in the complaint establishes a valid cause of action. *Nishimatsu,* 515 F.2d at 1206. By defaulting, a Defendant "admits the Plaintiff's well-pleaded allegations of fact." *Id.* Factual allegations are sufficient to support a default judgment in the Fifth Circuit if they meet the same analysis to determine sufficiency under Federal Rules of Civil Procedure Rule 8. *Wooten,* 788 F.3d at 498. Pursuant to Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten,* 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). The pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal,* 555 U.S. 662, 678 (2009)).

**1. Duty to Defend or Indemnify Under the Commercial Automobile Liability Policy Part**

A court sitting in diversity must apply the substantive law of the forum state. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The Court must apply Texas law as interpreted by Texas state courts. *Mid–Continent Cas. Co. v. Swift Energy Co.,* 206 F.3d 487, 491 (5th Cir. 2000). Under Texas law, the duty to defend and the duty to indemnify are two distinct duties and are to be decided separately. *See D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co.,* 300 S.W.3d 740, 743 (Tex. 2009) (citing *Farmers Texas County Mutual Insurance Co. v. Griffin* 955 S.W.2d 81, 82 (Tex. 1997)*,* the court noted that one duty may exist without the other.)

The duty to defend is determined by two documents: the insurance policy and the third-party plaintiff's pleadings in the underlying lawsuit. *Gilbane Bldg. Co. v. Admiral Ins. Co*., 664 F.3d 589, 594 (5th Cir. 2011) (citing *Amerisure Ins. Co. v. Navigators Ins. Co.,* 611 F.3d 299, 309 (5th Cir. 2010)). This is known as the eight-corners rule. *Id.* The duty to indemnify, however, is "a matter dependent on the facts and circumstances of the alleged injury-causing event, [and] parties may introduce evidence during coverage litigation to establish or refute the duty to indemnify." *Id*. (quoting *D.R. Horton-Tex.,* 300 S.W.3d at 741). Because the duty to indemnify is triggered by the facts established in the liability lawsuit, a lawsuit seeking a declaratory judgment regarding the duty to indemnify is usually considered premature while such a lawsuit is pending. *Lancer Ins. Co. v. L&Y Trucking LLC*, No. 1:23-CV-113-H, 2024 WL 2786049 (N.D. Tex. May 7, 2024) (citing *Zurich Am. Ins. Co. v. Nokia, Inc.,* 268 S.W.3d 487, 490 (Tex. 2008)). However, there is an

exception; the duty to indemnify is justiciable before the insured's liability is determined in a liability lawsuit, "when the insurer has no duty to defend, and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Id. (*quoting *Farmers Texas County Mutual Insurance Co.* 955 S.W.2d at 84).

Applying the eight-corners rule to the Trisura Policy and the pleadings in *Mendoza v. Gala International Group, et al.*, the Court considers whether the underlying petition alleges a potentially covered occurrence under the commercial automobile liability coverage. Trisura alleges it owes no duty under the commercial automobile liability part of the Trisura Policy to defend the allegations and no potential duty to indemnify.[20] First, Trisura argues that the Policy affords potential coverage for liability only when a listed driver in the policy drives a scheduled vehicle.[21] Under the Trisura Policy issued to first named insured Gala International Group, LLC, commercial automobile liability coverage is contractually limited to scheduled vehicles when operated by drivers listed on the Complete List of Drivers.[22] The petition in the Underlying Lawsuit alleges that the subject collision was caused by Nolberto Pacheco Ramirez.[23] The exhibits to Trisura's motion show that Ramirez is not listed as a driver on the Trisura Policy's Complete List of Drivers.[24] On this record, the four corners of the underlying petition do not allege the use of a scheduled vehicle by a listed driver, and thus do not describe a potentially covered occurrence under the commercial automobile liability coverage form. Because the Court concludes that Trisura has no duty to defend and that the same reasons that negate the duty to defend likewise negate any possibility that Trisura will ever have a duty to indemnify, the duty to indemnify is

---

[20] Pl.'s Mot. for Default J., ECF No. 12 at 4-5.
[21] *Id.*; *See* ECF No. 12, Ex. C-1.
[22] *Id.*; *See* ECF No. 12, Ex. C-1.
[23] *Id.*
[24] ECF No. 12, Ex. C-1 at 44.

justiciable at this stage and Trisura is entitled to a declaration that it owes no duty to indemnify under the commercial automobile liability coverage.

Finally, Trisura alleges that the first-named insured on the Policy is not a named Defendant, as the Underlying Lawsuit names "Gala International Group" as a Defendant, and the insured is "Gala International Group, LLC".[25] Trisura's complaint asserts that it is unknown whether these entities are the same and the Underlying Lawsuit does not expressly correctly name the insured.[26] On the face of the original petition and the policy alone, the Court cannot determine with certainty that "Gala International Group" is the same entity as the first-named insured "Gala International Group, LLC." However, review of the state district court docket appears to show the proper party was named, served, and answered after the pleading was amended.[27] In any event, the absence of any allegation that a scheduled vehicle was driven by a listed driver would still preclude a duty to defend.

It appears the Underlying Lawsuit does not allege a claim that is covered by the commercial automobile liability part of the Trisura Policy.[28] Since the third-party pleadings do not allege facts within the policy's scope of coverage, Trisura has no duty to defend a suit against its insured. *See Lancer Ins. Co.,* No. 1:23-CV-113-H, 2024 WL 2786049 (N.D. Tex. May 7, 2024). Additionally, the same coverage defect that negates Trisura's duty to defend likewise negates any possibility that Trisura will ever have a duty to indemnify with respect to the claims asserted in the Underlying Lawsuit. *See Farmers Texas County Mutual Insurance Co.* 955 S.W.2d at 84. Accordingly, the

[25] ECF No. 12, Ex. A at 11.
[26] Pl.'s Mot. for Default J., ECF No. 12 at 5.
[27] *Timothy Mendoza v. Gala International Group, et al.*, Cause No. 2024DCV5592 (120th Dist. Ct., El Paso Cnty., Tex.).

[28] The Court notes the insurance policy does define "insured" to include a person using the automobile with permission which could change the analysis depending on facts not currently before this Court." ECF No. 12, Ex. C-1 at 7.

duty to indemnify is justiciable currently, and the Court concludes that Trisura owes neither a duty to defend nor a duty to indemnify under the commercial automobile liability part of the Trisura Policy.

**2. No <u>Current</u> MCS-90 Endorsement Obligation**

Trisura also seeks a declaration that it owes no obligation under the MCS-90 Endorsement.[29] Pursuant to sections 29 and 30 of the Motor Carrier Act of 1980 and regulations of the Federal Motor Carrier Safety Administration (FMCSA), the MCS-90 endorsement creates a suretyship, which obligates an insurer to pay certain judgments against the insured arising from interstate commerce activities even though the insurance contract would have otherwise excluded coverage. *Canal Ins. Co. v. Coleman*, 625 F.3d 244, 247 (5th Cir. 2010) (citing *Minter v. Great Am. Ins. Co. of N.Y.,* 423 F.3d 460, 470 (5th Cir. 2005)). "The purpose of the MCS–90 endorsement is to 'assure compliance' with federal minimum levels of financial responsibility for motor carriers. *Id*. This endorsement is intended to protect the public, not the insured, by filling an insurance gap. *Progressive Commercial Cas. Ins. Co. v. Xpress Transp. Logistics, LLC*, No. CV H-21-2683, 2022 WL 6779078 (S.D. Tex. Oct. 11, 2022). The MCS-90 endorsement does not impose a duty to defend the insurer. *See State Nat'l Ins. Co. v. BranRich, Inc.,* No. 4:09-CV-443-Y, 2012 WL 13027998, at *4 (N.D. Tex. Dec. 4, 2012) ("[The MCS-90] obligation is one of suretyship and does not impose a duty to defend on an insurer. As such, it is not an insurance provision that protects the insured but rather subrogates the insurer's rights to the rights of the injured third party and allows the insurer to seek reimbursement from the insured.") (internal citations omitted)).

The endorsement applies when either an accident occurred during the transportation of property across state lines or, if the transportation was not across state lines, the property being

[29] Pl.'s Mot. for Default J., ECF No. 12 at 5-6.

transported constitutes hazardous material. 49 C.F.R. § 387.3. The surety obligation is triggered under qualifying circumstances, one of which is the existence of a final judgment against the insured. *See Canal Ins. Co.*, 625 F.3d at 247 (citing *Minter,* 423 F.3d at 470) ("The MCS-90 endorsement…obligates an insurer to pay certain *judgments*…")

Here, the well-pleaded allegations and the record do not show that the accident involved interstate transportation of property or hazardous materials. Further, there is not any allegation or evidence that, if the transportation was purely intrastate, the property being transported constituted hazardous material within the meaning of the FMCSA regulations. In addition, no final judgment has been entered against the insured in the Underlying Lawsuit. Accordingly, Trisura's factual allegations and the record before the Court are enough to raise the right to relief above a speculative level. *Wooten,* 788 F.3d at 498.

**C. Declaratory Relief**

Because Plaintiff Trisura seeks declaratory relief, the Court must engage in a three-step inquiry. *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). First, the Court must determine whether an "actual controversy" exists between the parties to the action. *Id.* Second, the Court must determine whether it has the "authority" to grant declaratory relief. *Id.* Finally, the Court must determine how to exercise its discretion to decide or dismiss the declaratory action. *Id.*

An actual controversy exists where there is "a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests." *Knight Specialty Ins. Co. v. Rapid Freight Hauler, LLC,* No. MO:23-CV-211-DC-RCG, 2024 WL 2789489 (W.D. Tex. Apr. 30, 2024), *report and recommendation adopted*, No. MO:23-CV-00211-DC, 2024 WL 2789395 (W.D. Tex. May 30, 2024) (quoting *Fid. & Guar. Life Ins. Co. v Unknown Trustee of Revocable Trust-8407,* No. 13-CV-412-PRM, 2014 WL 2091257, at *3 (W.D. Tex. May 16, 2014)).

Here, Gala LLC is also a defendant in the Underlying Lawsuit.[30] As the Underlying Lawsuit is still pending, whether Trisura is legally obligated to defend and/or indemnify Gala LLC is in question. Therefore, the Court concludes an "actual controversy" exists.

A district court does not have the authority to consider the merits of a declaratory action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in federal court; and (3) the district court is prohibited from enjoining the state proceedings under 28 U.S.C. § 2283. *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 388 n.1 (5th Cir. 2003). Here, although the Underlying Lawsuit is a related personal-injury action in state court, it does not involve the same issues regarding Trisura's obligation to defend or indemnify Gala LLC.[31] Additionally, there is no indication in the record that any party has invoked the state court's jurisdiction to adjudicate Trisura's defense or indemnity obligations. Under these circumstances, the Court is not being asked to enjoin or interfere with a parallel state-court proceeding involving the same issues, and thus has authority to consider Trisura's request for declaratory relief. *See Nat'l Liab. & Fire Ins. Co. v. Mercado*, No. 5:19-CV-131, 2021 WL 2322939, at *5 (S.D. Tex. Feb. 1, 2021) (finding that the Court has the requisite authority to grant declaratory relief where no party has presented the Court with evidence on the issue of a state court action on the Plaintiff's duty to defend or indemnify the Defendants).

Finally, to exercise its broad discretion to grant Plaintiff's request for declaratory judgment, the Fifth Circuit has provided a non-exhaustive list of relevant factors to inform this discretion:

> (1) whether a state action is pending in which all of the matters in controversy may be fully litigated; (2) whether the Plaintiff filed the declaratory action suit in anticipation of a suit by the Defendant; (3) whether the Plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities exist by allowing the declaratory Plaintiff to gain precedence in time or to change forums; (5) whether the federal court is

[30] *See* ECF No. 12, Ex. A.
[31] *Id*.

> convenient for the parties and witnesses; (6) whether retaining the case in federal court will serve judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the Court before whom the parallel state suit between the same parties is pending.

*Id. (*citing *Sherwin-Williams Co,* 343 F.3d at 388).

Here, the factors weigh in favor of exercising jurisdiction. As discussed above, there is no evidence of any parallel state-court action in which all the coverage issues before this Court could be litigated. Nothing in the record suggests that Trisura filed this declaratory-judgment action in anticipation of an imminent coverage suit by Gala LLC, or that it engaged in improper forum shopping. There is no indication that the Western District of Texas is an inconvenient forum for the parties or witnesses, particularly given that both the Underlying Lawsuit and the events giving rise to it are centered in El Paso County. Nor is the Court being asked to construe any state-court decree involving the same parties. In addition, resolving Trisura's defense and indemnity obligations now will promote judicial economy and fairness by clarifying the parties' rights and obligations while the Underlying Lawsuit is pending and by avoiding unnecessary expenditure of resources on a defense that Trisura may not owe, particularly where Gala LLC has failed to appear and default has been entered.

**D. Joinder of Plaintiff in Underlying Suit Pursuant to Federal Rule of Civil Procedure 19**

At the same time, the Fifth Circuit has long recognized that an injured state-court plaintiff has a "real and substantial, though not immediate" interest in a declaratory judgment concerning insurance coverage, and that such a plaintiff is a proper—and often necessary—party to a coverage action. *See Central Surety & Ins. Corp. v. Norris*, 103 F.2d 116, 117 (5th Cir.1939); *Standard Accident Ins. Co. v. Meadows*, 125 F.2d 422, 424 (5th Cir. 1942); *Ranger Ins. Co. v. United Hous. of N.M., Inc.*, 488 F.2d 682, 684 (5th Cir. 1974); *Atl. Cas. Ins. Co. v. Ramirez*, 651 F. Supp. 2d 669,

673–75 (N.D. Tex. 2009). Further, excluding the injured plaintiff from a declaratory-judgment action that determines coverage for an ongoing tort suit risks prejudicing that plaintiff's ability to protect his interest in the availability of insurance proceeds and creates a risk of inconsistent rulings. *Atl. Cas. Ins. Co.,* 651 F. Supp. 2d at 673–75 (citing *Ranger Ins. Co.*, 488 F.2d at 684). Therefore, this Court concludes that it would be inappropriate to enter a default declaratory judgment that may effectively determine the availability of insurance coverage for the claims asserted in the Underlying Lawsuit without first affording the tort plaintiff, Timothy Mendoza, an opportunity to be heard. Accordingly, while the analysis above reflects the Court's view that Trisura's coverage position is correct on the present record, the Court recommends that Trisura's request for declaratory relief not be granted unless and until Mendoza has been joined as a party under Federal Rule of Civil Procedure 19(a), or Trisura has demonstrated that his joinder is not feasible and that this action may nonetheless proceed in equity and good conscience under Rule 19(b).

## V. CONCLUSION and RECOMMENDATION

For all these reasons, the Court hereby **RECOMMENDS** that Plaintiff's Motion for Default Judgment be **DENIED without prejudice**. Further, the Court **RECOMMENDS** that Plaintiff be permitted to seek declaratory relief again after it has sought to join Timothy Mendoza as a necessary party under Federal Rule of Civil Procedure 19(a) or has shown that his joinder is not feasible and that this action may nonetheless proceed in equity and good conscience under Rule 19(b).

**So RECOMMENDED and SIGNED this 17TH day of July 2026.**

**LAURA ENRIQUEZ**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**