**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **TRISURA SPECIALTY INSURANCE COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-25-CV-299-KC** |
| | § | |
| **GALA INTERNATIONAL GROUP, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On this day, the Court considered the case. On April 13, 2026, the Court referred Plaintiff's Motion for Default Judgment, ECF No. 12, to United States Magistrate Judge Laura Enriquez. Apr. 13, 2026, Text Order. On July 17, 2026, the Magistrate Judge filed a Report and Recommendation ("R&R"), ECF No. 13, recommending that the Motion be denied without prejudice to Plaintiff refiling after joining Timothy Mendoza as a necessary party under Federal Rule of Civil Procedure 19(a) or showing that joinder is not feasible and the action may nonetheless proceed in equity and good conscience under Rule 19(b).

Parties have fourteen days from service of a Report and Recommendation of a United States Magistrate Judge to file written objections. *See* 28 U.S.C. § 636(b)(1)(C). On July 31, 2026, Plaintiff filed its objections to the R&R arguing that the R&R erroneously concluded that Rule 19 requires the plaintiff in an underlying tort lawsuit against an insured to be joined as a necessary party in a declaratory judgment action by the insurer against that insured. Obj., ECF No. 14. Plaintiff argues that the R&R omits "governing rules regarding the liability insurance policy world," including (1) that the tort plaintiff may intervene in the declaratory judgment

action against the insured; (2) that there is no deadline to intervene, and (3) that generally, an injured party lacks standing to sue an insurer directly until liability has been finally determined. *Id.* ¶¶ 14–21.

A district court "shall make a de novo determination of those portions of [a magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).

After careful de novo review, the Court finds the R&R correctly determined that Mendoza is a necessary party under Rule 19. The principles and case law cited by Plaintiff are unavailing. First, because Mendoza appears to be a citizen of Texas, he cannot intervene in this action without destroying diversity jurisdiction. *See* Compl. Ex. A ("Underlying Petition") ¶ 4, ECF No. 1-1; *Fed. Ins. Co. v. Singing River Health Sys.*, 850 F.3d 187, 201 (5th Cir. 2017) (citing *Ranger Ins. Co. v. United Hous. of N.M., Inc.*, 488 F.2d 682, 682–83 (5th Cir. 1974)). Therefore, intervention would not be available to him as a means to protect his interests. *Cf. Singing River Health Sys.*, 850 F.3d at 201. Second, while plaintiffs generally do not have standing to sue insurers directly until there has been a final determination of liability, this principle neither applies in the context of declaratory judgment actions by insurers disclaiming a duty to defend or indemnify nor controls a Rule 19 analysis. *Compare Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 311 (5th Cir. 2021) ("The general rule is that an injured party cannot sue the [insured-defendant's] insurer directly until the [insured-defendant's] liability has been finally determined by agreement or judgment.") (cleaned up) (citation omitted)), *with Ranger Ins. Co.*, 488 F.2d at 683 & n.3 (affirming a district court's dismissal of an insurer's declaratory judgment

action under Rule 19 because the non-diverse plaintiffs in the underlying lawsuit were indispensable parties).

Accordingly, the Court **ADOPTS in part** and **MODIFIES in part** the R&R, ECF No. 13, and **ORDERS** that Plaintiff's Motion for Default Judgment, ECF No. 12, is **DENIED**.

**IT IS FURTHER ORDERED** that, on or before **August 25, 2026**, Plaintiff must either file (1) a renewed motion for default judgment demonstrating either that Mendoza is not a citizen of Texas or that this action may proceed in equity and good conscience under Rule 19(b) without Mendoza; or (2) a notice of voluntary dismissal without prejudice to Plaintiff's ability to refile this declaratory judgment action in state court with the necessary parties.

**SO ORDERED.**

**SIGNED this 11th day of August, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE